TüRley, J.
delivered the opinion of the court.
This is an indictment against the defendant for the offence of gaming, to which he pleaded not guilty, upon which plea he was tried and convicted at the March term, 1849, of the Circuit Court of Decatur. The Circuit Judge arrested the judgment, and thereupon the State appeals to this court.
The judgment was arrested in the court below upon the supposed ground, that the record showed that the grand jury had not been properly summoned, in this, that .the venire facias is signed by the clerk of the County Court of Decatur, without designating himself as clerk, and that *627 the mandatory direction of the writ was in the name of the clerk, instead of the name of the court. The writ, so far as these objections are concerned, is in the words following:—
“.State op Tennessee:
To the Sheriff of Decatur County — Guesting :
I command you to summons the following persons to serve as jurors at the next term of the Circuit Court to be held in the town of Decaturville, on the 3d Monday in July next. Given under my hand, at office, the 3d day of May, 1848. B. H. Geaves.”
We do not think that the judgment in this case ought to have been arrested upon the supposed defects of this writ of venire facias. The signature of the clerk, as made by him, is good; it has always been held that as a matter of necessity the courts will judicially know the public officers of the State and counties.
In this case, in the absence of proof to the contrary we must recognise B. H. Graves as. the clerk of the County Court of Decatur, he being the only legally authorized person to issue a writ of venire facias, for the Circuit Court of that county. We do not perceive how additional verity of this fact, could be given by the appendage to his name of the letters C. C. C., D. C. which might be supposed to mean, Clerk County Court, Decatur County, or even the words, Clerk of the County Court of Decatur, written at length; this would not make him clerk if he were not, and it is only from the fact of his being clerk, that his acts, as such, have verity; we know he is clerk and, therefore, give verity to his acts evidenced by his signature, when they are official in character.
*628 It is no objection to the venire facias, that it reads, “ I command you to summon” instead of “you are hereby commanded to summon;” this objection savors too much of refinement even for criminal proceedings; the writ is intended as a specification of the jurors to be summoned by the sheriff, and as a command to summon them; it is a command emanating from the County Court, and running always in the name of its agent or servant, the clerk. An order is made in the County Court specifying the names of the jurors to be summoned, and the clerk is directed to issue a writ of venire facias, directing the sheriff to summon them. Now in the name of common sense, what difference can it make whether the writ runs in the words “I command you,” or “you are hereby commanded?” in either case it is the act of the County Court; an order given through the agency of its legally appointed- clerk.
But it is said that it does not appear that there was any order ever made for the issuance of the venire. Neither is it necessary that it should; the existence of the order upon the records of the County Court of Decatur is presumed, because it will not be intended that the clerk acted without such order; and it need not and cannot appear of record in the Circuit Court, for it forms no part of the writ of venire, and is not required to be certified to the Circuit Court.
But further than all this: the defendant pleaded not guilty to the bill of indictment, and went to trial and was convicted; after this he shall not be permitted to object to the venire, or to the jurors summoned under it, if he have legal objection to the one or the other, he must avail himself of it, either by motion or plea; before he puts himself upon his country for his deliverance by his plea of not guilty; it is afterwards too late.
*629 Judgment of the court reversed, and judgment against the defendant given here, that he be fined five dollars.